# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-0281V
Filed: October 5, 2018
UNPUBLISHED

| | |
|---|---|
| BRITTANY K. BROWN,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*James Michael Brazas*, Joel Bieber Firm, Richmond VA, for petitioner.
*Alexis B. Babcock*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On February 28, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered from a Shoulder Injury Related to Vaccine Administration ("SIRVA"). Petition at 1. On May 22, 2018, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. (ECF No. 36.)

On June 6, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 41). A status conference was held to address the issues within the motion for attorney's fees, such as missing documents and entries for non-compensable tasks.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Upon bringing several line items to petitioner's counsel's attention, petitioner opted to move to strike the motion for attorney's fees. On June 8, 2018, petitioner filed her motion to strike.  (ECF No. 42).  The undersigned granted the motion.  (ECF No. 43).  On June 15, 2018, petitioner refiled her motion for attorney fees and costs.  (ECF No. 44).  Petitioner requests attorneys' fees in the amount of $17,367.50 and attorneys' costs in the amount of $1,842.81.  *Id.* at 1.  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  (ECF No. 44-4).  Thus, the total amount requested is $19,210.31.

On June 28, 2018, respondent filed a response to petitioner's motion.  (ECF No. 45).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request, and finds it necessary to reduce the award to reflect rate reductions for petitioner's counsel's hourly rate, administrative time, travel time, block billing and vague entries.

**I.  Legal Standard**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24

Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission." *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley,* 461 U.S. at 434.

### II. Attorney Fees

#### A. Billing Rates

Petitioner requests compensation for attorneys James Brazas at the rate of $225 per hour and for attorney Richard W. Zahn, Jr. at the rate of $425 per hour.[3]  (ECF No. 44-6).  The undersigned finds the requested rates excessive based on their overall legal experience, the quality of work performed, and their lack of experience in the Vaccine Program.[4]  *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large). These rates are derived from the OSM Attorneys' Forum Hourly Rate Schedules for years 2015 - 2017 available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.  The undersigned incorporates by reference all of the explanatory notes contained in these rate schedules.  *See also McCulloch*, 2015 WL 5634323, at *19.

Attorney James Brazas was barred in Virginia in June 2014, placing him in the range of attorneys with less than four years' experience for work performed throughout this case. For 2016, the Forum rate range for attorney's with less than four years' experience is set to $150 - $225 for work performed in 2016, $153 - $230 for 2017, and $159 - $238 for 2018.  Although Mr. Brazas has requested a rate at the highest end of this range for 2016, he lacks the practice experience to justify that hourly rate level. Due to Mr. Brazas' limited legal experience and inexperience in the Vaccine Program, the undersigned finds cause to reduce his requested hourly rate for both 2016 and 2017 commensurate with his practice experience.  As such, Mr. Brazas is awarded the rate of $175 an hour for attorney work billed in 2016 and $200 per hour for work performed in 2017.  The undersigned awards Mr. Brazas $225 per hour for work performed in 2018,

---

[3] The attorney's hourly rates were not specifically stated in the motion for attorney fees or invoices. The undersigned was able to conclude the rates billed by these attorneys by dividing the dollar amount billed by the hours billed by each attorney and paralegal.

[4] This case is the first case for both attorney James Brazas and Richard W. Zahn, Jr. The inexperience of both Mr. Brazas and Mr. Zahn was reflected throughout the case. Deadlines were consistently missed, documents were filed incorrectly and multiple status conferences were needed to guide petitioner's counsel on procedural issues.

as requested. This **reduces the request for attorney's fees in the amount of $732.50**.

Attorney Richard W. Zahn, Jr. states in his affidavit that he has been practicing law since 1994.  (ECF No. 44-2 at 1).  This would place Mr. Zahn in the range of attorneys with 20-30 years' experience for work performed throughout this case. The Forum hourly rate range for attorneys with 20-30 years' experience is set at $350 - $415 for work performed in 2016, $358 - $424 for 2017, and $370 - $439 for 2018.  Mr. Zahn's requested hourly rate of $425 exceeds the Forum rate for his level of legal experience in the years 2016 and 2017.  Furthermore, Mr. Zahn's lack of Vaccine Program experience does not comport with awarding the upper end hourly rate in the relevant Forum range.  As such, the undersigned finds cause to reduce the hourly rates requested.  Mr. Zahn is thus awarded an hourly rate of $362 for work performed in 2016, $379 for 2017, and $400 for 2018.  This **reduces the request for attorney fees in the amount of $1,135.10**.

The undersigned also finds it necessary to reduce the rate for paralegal Connie Kotula. Ms. Kotula is requesting an hourly rate of $145 for all work performed, throughout the case. Paralegals are held to the same standards as attorneys, and specific ranges for hourly billing. For 2016, the hourly range was $125 - $145. For 2017 the hourly range was $128 - $148. For 2018, the hourly range is $132 - $153. Due to Ms. Kotula's inexperience in the Vaccine Program, the undersigned does find cause to reduce the hourly rates to the following: $125 an hour for work performed in 2016; $128 an hour for work performed in 2017 and $132 an hour for work performed in 2018. Therefore, **the request for fees shall be reduced by $412.90**.

### B. Administrative Time

It is firmly established that billing for clerical and other secretarial work is not permitted in the Vaccine Program.  *Rochester v. United States*, 18 Cl.Ct. 379, 387 (1989) (denied an award of fees for time billed by a secretary and found that "[these] services … should be considered as normal overhead office costs included within the attorneys' fees rates"); *Mostovoy v. Sec'y of Health & Human Servs.*, 2016 WL 720969, *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).  A total of 11.3 hours of time[5] was billed for tasks that are considered administrative.  For example:

June 9, 2016 (0.20hrs) "Mailed check"
July 15, 2016 (0.20hrs) "LVM to set meeting with Dr. Marqueen"
May 1, 2017 (0.10hrs) "Paid invoice for medical records"

---

[5] Entries that are considered administrative occurred on the following dates: February 19, 2016; March 1, 2016; April 28, 2016; May 19, 26, 31, 2016; June 8, 9, 2016; July 13, 15, 18, 2016; August 2, 10, 15, 18, 19, 24, 2016; December 19, 2016; February 28, 2017; April 13, 2017; May 1, 8, 9, 2017; June 7, 20, 22, 2017; September 25, 2017; October 4, 2017; November 7, 27, 2017; January 23, 29, 2018; February 13, 16, 19, 2018; March 1, 29, 2018 and April 17, 2018.

>June 20, 2017 (0.20hrs) "Mailed exhibit package to Secretary of Health & Human Services"
>February 13, 2018 (0.20hrs) "Received & Scanned Tax Returns"
>March 1, 2018 (0.10hrs) "Mailed Status Report"

(ECF No. 41-5 at 1-2, 4, and 7).

Thus, the undersigned **reduces the request for fees by $1,456.10**.[6]

### C. Travel Time

Attorney Richard W. Zahn, Jr, billed 2.0 hours on August 31, 2016 to "Travel to and meet with Dr. Marquees to discuss case." (ECF No. 44-6 at 2). In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). However, special masters should not use this rule as standard practice but rather "[e]ach case should be assessed on its own merits." *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010). "Even an automatic 50% award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling." *Id.*

As the travel time and meeting time were blocked together, the undersigned cannot differentiate how much time was spent on travel and meeting. Therefore, the entry will be treated as travel time and reduced by 50 percent. The request for attorney's fees is **reduced by $362.00**.[7]

### D. Block Billing and Vagueness

It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file whether the amount requested is reasonable. *Bell v. Sec'y of Health & Human Services,* 18 Cl. Ct. 751, 760 (1989); *Rodriguez v. Sec'y of Health & Human Servs.,* 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009). Billing records submitted show multiple entries, including non-compensable and compensable time, together as one line entry. Due to these entries being blocked it makes it difficult to determine the amount of time spent on each task. The Vaccine Program guidelines

---

[6] This amount consists of 5.6 hours at $125 per hour, 4.50 hours at $128 per hour, 1.10 hours at $132 per hour and 0.10 hours at $400 per hour.

[7] This amount consists of the already reduced rate of $362 x 2 = $724/2 = $362.

5

state "Each task should have its own line entry indicating the amount of time spent on that task. Several tasks lumped together with one time entry frustrates the court's ability to assess the reasonableness of the request." [8]

    Examples of these entries include:

    February 18, 2016 (4.50 hrs) "Review case facts, vaccine court guidelines, requirements for SIRVA cases"
    May 25, 2016 (1.10 hrs) "Phone call with client, followed up on previous requests, requested bills & records, made excel sheet of DOS, received invoice, bills & records, requested check"
    August 16, 2016 (0.50 hrs) "Phone call with Dr. Marqueen's secretary, discussed meeting and payment, received fee schedule, requested check"

(ECF No. 44-6 at 1-2).

    An application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. *Bell,* 18 Cl.Ct. 751 at 760; *Rodriguez*, 2009 WL 2568468. Petitioners bear the burden of documenting the fees and costs claimed. *Id.* at *8. Multiple line entries are vague, such that it is unclear what were tasks performed. The undersigned has previously decreased an award of attorneys' fees for vagueness. *Mostovoy*, 2016 WL 720969; *Barry v. Sec'y of Health and Human Servs.*, 12-39V, 2016 WL 6835542 (Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reduced a fee award by 10 percent due to vague billing entries).

    Examples of these entries include:

    June 7, 2016 (0.20 hrs) "Received records, follow up on previous request"
    August 23, 2016 (0.20 hrs) "Followed up on previous request", and
    November 8, 2016 (0.30 hrs) "Phone call with client"

(ECF No. 44-6 at 1-3).

    These entries are also duplicated throughout the invoices, including consecutive line entries of the same task. For instance, three entries between August 28 and September 6, 2017 are listed as "E-mailed Petitioner to update her on case." Likewise, between October 14 and 31, 2017, there are repetitive entries of "Discussed case status with petitioner." As the billing records show no additional work performed in between these consecutive client updates, the entries appear repetitive.

---

[8] *Guidelines for Practice Under the National Vaccine Injury Compensation Program,* are available on the court's website at http://www.cofc.uscourts.gov/sites/default/files/GUIDELINES-FOR-PRACTICE-4212016.pdf.

6

For the reasons stated above the undersigned finds it reasonable to reduce the overall request for attorney's fees by 5 percent. This results in a **reduction in the amount of $663.45**.

### III. Attorney Costs

Petitioner requests compensation for attorney costs in the amount of $1,842.81. These costs include medical records, filing fees, travel expenses, expert costs and postal charges. The undersigned finds the overall request for attorney costs reasonable and awards the request in full.

### IV. Conclusion

The amount of the award is computed as follows:

| | |
|---|---:|
| **Total Fees and Costs Requested:** | **$19,210.31** |
| **Attorney Fees:** | |
| Total Requested: | $17,367.50 |
| Less James Brazas Rate Adjustment: | ($  732.50) |
| Less Richard W. Zahn, Jr. Rate Adjustment: | ($1,135.10) |
| Less Connie Kotula Rate Adjustment: | ($  412.90) |
| Less Administrative Time: | ($1,456.10) |
| Less Travel Adjustment: | ($  362.00) |
| Less Vague/Block Billing: | ($  663.45) |
| **Attorney Costs:** | |
| Total Requested: | $ 1,842.81 |
| **Total Attorney's Fees and Costs Awarded:** | **$14,448.26** |

**Accordingly, the undersigned awards the total of $14,448.26[9] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, James Michael Brazas.**

---

[9] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.

The clerk of the court shall enter judgment in accordance herewith.[10]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[10] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.